**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ARTHUR HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:17-CV-30162-MGM |
| UPS GROUND FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DEFENDANT'S MOTION TO COMPEL FORENSIC IMAGING OF**
**PLAINTIFF'S CELL PHONE**

Defendant UPS Ground Freight, Inc. ("UPS" or "Defendant"), by and through its counsel, hereby respectfully requests that the Court compel Plaintiff Arthur Hardy ("Plaintiff") to allow a third-party vendor to create a forensic image of his cell phone because, among other things, Plaintiff has deleted important text messages.  A forensic image of Plaintiff's cell phone will allow Defendant to recover unlawfully spoliated and/or withheld evidence regarding: (1) Plaintiff's text message communications with his supervisor regarding Plaintiff's job performance, responsibilities, and the performance-related disciplinary action about which he complains, (2) Plaintiff's text message communications with multiple UPS' employees regarding this action.  Defendant has requested copies of Plaintiff's text messages related to this action; however, Plaintiff has only selectively produced his text message communications with some of his colleagues and also admits that he deleted messages that are directly probative of his claims.  For the foregoing reasons, and the reasons stated herein, Defendant requests that the Court

compel Plaintiff to allow a third-party vendor to produce a forensic image of his cell phone and

to allow a third-party to conduct targeted searches to recover relevant evidence.

## LEGAL ARGUMENT AND AUTHORITY

Plaintiff's spoliation and continued withholding of probative evidence directly related to

this action justifies an order compelling the forensic imaging of his cell phone to recover relevant

and discoverable text message communications.

On or about April 9, 2018, Defendant propounded its First Requests for Production to

Plaintiff. *See* Defendants First Requests for production, dated April 9, 2018, attached hereto as

**Exhibit A**.   UPS specifically sought Plaintiff's production of documents evidencing any

correspondence between Plaintiff and any current and former UPS employees.     To that end,

UPS requested:

> [a]ny and all documents, including, without limitation, all notes, summaries,
> journals, minutes, e-mails, and/or memoranda, concerning any
> communications, discussions, conversations or meetings You had with
> anyone now or formerly employed by UPS concerning any of the
> allegations in the Complaint.

See RFP No. 8, **Exhibit A**.  UPS also requested:

> [a]ny and all documents or other records, including but not limited to,
> recordings of any kind, emails or test messages, or instant messaging,
> evidencing communications between you and any other current or former
> employee, supervisor, manager, or agent of Defendant related to your
> Complaint or this Litigation.

*Id.,* RFP No. 20.

Plaintiff readily admits that he has communicated, at length, with a minimum of five (5)

former and current UPS employees, via text message, regarding issues directly related to this

action, including but not limited to, Plaintiff's job performance, Plaintiff's job responsibilities,

Plaintiffs performance-related disciplinary issues, direct inquiries to UPS managers regarding

UPS' legal defense strategies,[1] and discussions regarding allegations of discriminatory and retaliatory treatment by UPS. Hardy Dep. 49:12-18; 84:11-15; 171:6-173:22, **Exhibit B**. Specifically, Plaintiff testified that he engaged UPS current and former managers Lawrence Nathaniel, Lawrence Durbin, Shawn Gallagher, James Poehailus, and Scott Moore via text message. Plaintiff, however, has only selectively produced blurry, heavily redacted, and incomplete screenshots of text message conversations between two of the five UPS managers with whom he has communicated, Mr. Durbin and Mr. Gallagher. Plaintiff has and continues to fail to produce any discovery evidencing his text message communications with Mr. Poehailus, Mr. Nathaniel, or Mr. Moore. Plaintiff's piecemeal and incomplete production of relevant communication with UPS current and former employees is inconsistent with Plaintiff's discovery obligations. Moreover, the clear insufficiency of Plaintiff's response, notwithstanding continuing discovery requests and multiple verbal reminders,[2] raises considerable doubts regarding the scope of relevant but unproduced information. UPS strongly believes given the scope of Plaintiff's admissions regarding his conversations with UPS employees that Plaintiff has engaged additional current and former UPS employees, that he failed to identify, about the issues in this action.

Plaintiff has had a continuing duty to preserve evidence since 2014,[3] yet Plaintiff has made no effort to ensure his compliance with his discovery obligations. In fact, Plaintiff admits

---

[1] Plaintiff admits that he actively sought information regarding attorney client privileged conversations between Defense Counsel and UPS managers. Hardy Dep. 49:12-18, 35:9-37:5; 39:14-41:19, all relevant excerpts of Hardy's Deposition Transcript are attached hereto as **Exhibit B.**

[2] Defense counsel reminded Plaintiff and his counsel of his obligation to produce relevant text message conversations several times during Plaintiff's deposition on September 11, 2018.

[3] Plaintiff filed his initial Massachusetts Commission Against Discrimination ("MCAD") Charge of Discrimination against UPS on August 5, 2014. Plaintiff filed suit based on the charges

that he deleted at least some, if not all of his conversations with Mr. Moore. *See* Hardy Dep. 173:5-21, **Exhibit B**. Plaintiff's failure to preserve his conversation with Mr. Moore is especially troubling because Plaintiff is seeking significant monetary damages based on his assertion that he "was suspended for three days without pay" in March 2017. *See* Complaint ¶ 20.  Plaintiff's alleged suspension was based on his "failure to conduct a safety inspection."  *Id*.  Plaintiff admits that he communicated with his supervisor, Scott Moore, via text messages regarding the safety inspection which gave rise to his suspension.  Hardy Dep., 173:5-21, **Exhibit B**. Yet, Plaintiff has not, produce admittedly key communications that are probative of his claims.

It is well settled that e-mail messages, text messages, and other electronically stored information are generally subject to document disclosure requirements under the Federal Rules of Civil Procedure. *Williams v. Mass. Mut. Life Ins. Co*., 226 F.R.D. 144, 145-46 (D. Mass. 2005) (*See Rowe Entm't, Inc. v. William Morris Agency, Inc*., 205 F.R.D. 421, 428 (S.D.N.Y. 2002) ("Electronic documents are no less subject to disclosure than paper records.").

Yet, Plaintiff continues to withhold discoverable evidence.  Moreover, Plaintiff knowingly, or at best negligently, spoliated relevant evidence to which UPS is entitled. *Townsend v. American Insulated Panel Co.*, 174 F.R.D. 1, 4 (D. Mass. 1997) ("[S]poliation is the intentional, negligent, or malicious destruction of relevant evidence.").  Plaintiff's admitted spoliation of evidence justifies the imposition of sanctions.  *Townsend*, 174 F.R.D.  at 4 ("If it is determined that such evidence has been destroyed, the next step is to decide the appropriate sanction to be imposed upon the spoliator.  The potential sanctions include dismissal of the case,

---

alleged in his first MCAD Charge on October 7, 2015.  During the pendency of Plaintiff's first lawsuit, Plaintiff filed a second MCAD Charge in April 2017.  As such, Plaintiffs has had an obligation to preserve the evidence relevant to his claims since August 2014.  His failure to preserve such evidence constitutes spoliation.

the exclusion of evidence, or a jury instruction on the 'spoliation inference.") (internal citations omitted).

Plaintiff's deleted files are still discoverable.  *See e.g., In re Honza,* 242 S.W. 3d 578 (Tex. Ct. App. 2008) ("data stored on computer hard drives, including 'deleted' files and related data, is subject to discovery"); *see* Antioch *Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 652 (D. Minn. 2002) (granting motion to compel forensic imaging as "it is a well-accepted proposition that deleted computer files, whether they be e-mails or otherwise, are discoverable"). Accordingly, UPS is seeking an order to forensically image Plaintiff's cellular telephone via a third-party forensics specialist in order to: (1) ascertain the scope of discoverable but withheld information, (2) obtain clear and reviewable copies of relevant text messages, and (3) recover deleted but relevant text message correspondence.

Although guidance regarding the propriety of forensic imaging is limited in the First Circuit, federal district courts throughout the country routinely order parties to produce mirror images of electronic files when, like here, a party has withheld or otherwise deleted relevant and discoverable electronically stored information.  *See e.g., In re Honza*, 242 S.W. 3d 578 (Tex. Ct. App. 2008) ("data stored on computer hard drives, including 'deleted' files and related data, is subject to discovery"); *see also Weatherford U.S., LP v. Innis*, No. 4:09-cv-061, 2011 WL 2174045, at *4 (D.N.D. June 2, 2011) (quoting *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006) ("'It is not unusual for a court to enter an order requiring the mirroring of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents'");  *see Antioch Co. v. Scrapbook Borders, Inc*., 210 F.R.D. 645, 652 (D. Minn. 2002) (granting motion to compel forensic imaging as "it is a well-accepted proposition that deleted computer files, whether they

be e-mails or otherwise, are discoverable"); *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 447 (D. Conn. 2010) (granting plaintiff employer's motion to compel forensic imaging"); *Covad Communs. Co. v. Revonet, Inc.*, 258 F.R.D. 5, 16 (D.D.C. 2009) (ordering forensic imaging of Defendant's computers and ordering Defendant to pay the costs associated with the imaging because Defendant failed to take all reasonable steps to recover the allegedly lost data at the time it was lost); *Bazzi v. YP Advert. & Publ, LLC*, No. 15-10741, 2016 U.S. Dist. LEXIS 13064, at *3 (E.D. Mich. Feb. 3, 2016) (affirming order to compel forensic imaging of plaintiff's USB drive in employment discrimination suit to allow defendant access to metadata that was withheld by plaintiff).

Absent an order compelling Plaintiff's compliance, UPS will be denied key evidence in the defense of Plaintiff's claims.  In light of the foregoing, Plaintiff should be compelled to allow a third party to produce a forensic image of his cellular phone because the prejudice to UPS consequent to Plaintiff's failure to preserve and Plaintiff's failure to produce evidence can only be remedied by this request.

## CONCLUSION

UPS respectfully requests that the Court enter an Order compelling the forensic imaging of Plaintiff's cellular phone and granting any other relief the Court deems justified.

Respectfully submitted,

UPS GROUND FREIGHT, INC.

 By its attorneys,

**GREENBERG TRAURIG, LLP**

>  */s/ David W. Long-Daniels*
> David W. Long-Daniels*
> Ga. Bar No. 141916
> Angela F. Ramson*
> Ga. Bar No. 114066
> Richard J. Valladares*
> Ga. Bar No. 611066
> Sumaya S. Ellard*
> Ga. Bar No. 706569
> Mitchell A. Robinson*
> Ga. Bar No. 457655
>
>  *Admitted pro hac vice*
>
> **GREENBERG TRAURIG**
> Terminus 200, Suite 2500
> 3333 Piedmont Road, N.E.
> Atlanta, Georgia  30305
> (678) 553-2100
> *Attorneys for Defendant*
>
> **GREENBERG TRAURIG**
> Terence P. McCourt
> BBO #555784
> One International Place
> Boston, Massachusetts 02110
> (617) 310-6000 *Telephone*
> (671) 310-6001 *Facsimile*
> Email: mccourtt@gtlaw.com

Dated:  November 27, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 27, 2018.

*/s/ David W. Long-Daniels*

*ATL 23111932v2*