UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR HARDY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:17-cv-30162-MGM |
| | ) |
| UPS GROUND FREIGHT, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO
COMPEL FORENSIC IMAGING OF PLAINTIFF'S CELL PHONE</u>
(Dkt. No. 65)

ROBERTSON, U.S.M.J.

I. <span style="font-variant:small-caps">Introduction</span>

Plaintiff Arthur Hardy ("Plaintiff") alleges that his former employer, Defendant UPS Ground Freight, Inc. ("Defendant"), violated Mass. Gen. Laws ch. 151B, § 4(4) and (4A) by retaliating against him for complaining about racial discrimination in the workplace. After Plaintiff responded to Defendant's discovery requests and testified during a deposition on September 11, 2018, Defendant alleged that Plaintiff deleted or failed to produce certain text message exchanges with Defendant's current or former employees and moved to compel forensic imaging of Plaintiff's cell phone in order to recover the communications (Dkt. No. 65). Plaintiff opposes Defendant's motion to compel production of a complete forensic image of his cell phone (Dkt. No. 73). After

1

hearing and consideration of the parties' submissions, Defendant's motion for forensic imaging of Plaintiff's cell phone is DENIED for the reasons stated in court and for those set forth herein.

II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff began working for Defendant as a mechanic in December 2010 (Am. Compl. ¶ 5 at 2).[1] Plaintiff alleges that he first complained to his supervisors about racial harassment in September 2013. Thereafter, he complained to Defendant's Human Resources Department, and, dissatisfied with Defendant's response, filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") in July 2014. He withdrew his MCAD charge in October 2015 and filed a state court complaint (Am. Compl. ¶¶ 8-12 at 2).[2] He alleges retaliation for protected activity in the form of unwarranted disciplinary notices beginning in or around November of 2015 and culminating in the termination of his employment on or around February 19, 2019 (Am. Compl. ¶¶ 14-28). After starting the process at the MCAD, he initiated the instant action in state court on October 19, 2017 (Dkt. No. 1 at 2). Defendant removed the case (Dkt. No. 1).

On April 9, 2018, Defendant asked Plaintiff to produce the following:

- Any and all documents, including, without limitation, all notes, summaries, journals, minutes, e-mails, and/or memoranda, concerning any communications, discussions, conversations or

---

[1] The brief factual summary set forth herein is drawn from Plaintiff's amended complaint, which is found at docket number 86.
[2] Plaintiff's first state court complaint, alleging a hostile work place, was tried to a jury in this court, resulting in a defense verdict. *See Hardy v. UPS Ground Freight, Inc.*, Civil Action No. 15-cv-30196-MGM (filed Nov. 5, 2015).

2

meetings [he] had with anyone now or formerly employed by UPS concerning any of the allegations in the complaint.

(Dkt. No. 65-1 ¶ 8 at 6).

- Any and all documents or other records, including but not limited to, recordings of any kind, emails and text messages, or instant messaging, evidencing communications between [him] and any other current or former employee, supervisor, manager, or agent of Defendant related to your Complaint or this Litigation.

(Dkt. No. 65-1 ¶ 20 at 8).

Defendant claims that Plaintiff failed to produce all the requested materials and grounds its motion to compel a forensic image of Plaintiff's cell phone in portions of Plaintiff's deposition testimony (Dkt. No. 65 at 1). During Plaintiff's deposition, he testified that he exchanged text messages with several current or former employees of Defendant about various topics (Dkt. No. 65-2 at 6). According to Plaintiff, these text messages exchanges included an exchange "a long time ago" with Scott Moore ("Moore"), a current employee of Defendant, about an inspection of tie-rods on a vehicle (Dkt. No. 65-2 at 13). Plaintiff indicated that he no longer had the text messages he exchanged with Moore (Dkt. No. 65-2 at 13).

Speculating that Plaintiff might have exchanged other text messages with other of Defendant's employees that have not been disclosed or produced, Defendant seeks a forensic image of Plaintiff's cell phone to: "(1) ascertain the scope of discoverable but allegedly withheld information; (2) obtain clear and reviewable copies of relevant text messages; and (3) recover [allegedly spoliated] text messages" (Dkt. No. 65 at 5). In response, Plaintiff represents that, except for the messages he exchanged with Moore, he has produced screenshots of all relevant, responsive text messages without any redactions

3

(Dkt. No. 73 at 2). Beyond speculation and Plaintiff's loss of the Moore text messages, Defendant has not articulated a basis for an accusation that Plaintiff may have engaged in spoliation of evidence.

Plaintiff opposes Defendant's motion on the bases that Defendant has not established the relevance of the entire contents of his cell phone to any claim or defense in the case, that the potential invasion of his privacy outweighs any benefit a forensic examination of his cell phone might have, and that a forensic image of the entire contents of his cell phone is not a proper sanction for the alleged spoliation of evidence (Dkt. No. 73 at 8).

III. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part, as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

When determining whether to grant a motion to compel the forensic imaging of a cell phone or other electronic device, courts have considered whether the examination will reveal information that is relevant to the claims and defenses in the pending matter and whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interest in the contents of his or her cell phone. *See Ramos v. Hopele of Ft. Lauderdale, LLC,* CASE NO. 17-62100-CIV-

4

MORENO/SELTZER, 2018 WL 1383188, at *3 (S.D. Fla. Mar. 19, 2018); *John Crane Grp. Corp. v. Energy Devices of Texas, Inc.*, CIVIL ACTION NO. 6:14-CV-178, 2015 WL 11089486, at *3 (E.D. Tex. Feb. 2, 2015) (denying the plaintiff's motion to compel forensic imaging of computer hard drives and granting the defendant's motion for a protective order because of the inherent privacy concerns). An aspect of the proportionality determination is whether the party requesting imaging has shown that the data sought likely can be recovered. *See Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 652 (D. Minn. 2002) (allowing access to defendants' computer hard drive to "attempt to resurrect data that ha[d] been deleted" where the defendant's expert attested to the possibility that data could be recovered and that further delay risked loss of relevant data); *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1054 (S.D. Cal. 1999) (allowing access to defendant's computer based on a showing that "the probability that at least some of the e-mail may be recovered is just as likely, if not more so, than the likelihood that none of the e-mail will be recovered").

 A. <u>Relevance</u>

"The forensic examination that [Defendant] seeks is not limited in any way, whether by search term, date, or identity of the sender or receiver." *Ramos*, 2018 WL 1383188, at *1. Defendant's request to examine the contents of Plaintiff's entire cell phone thus "threatens to sweep in documents, and information that are not [remotely] relevant to the issues in the case, such as Plaintiff's private text messages, e-mails, contact lists, and photographs." *Henson v. Turn, Inc.*, Case No. 15-cv-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal Oct. 22, 2018). The court accepts for purposes of

5

argument that Plaintiff's text messages with Moore concerning his inspection of tie rods may have some relevance to his retaliation claims because the messages may have some bearing on his performance and the reasons for any adverse actions taken by Defendant. Given the sensitive nature of the contents of personal computers or cell phones, however, courts have been wary to grant a motion to compel forensic imaging in response to a request for information that has not been shown to be at the heart of a claim or defense in the ongoing litigation. *See, e.g., John B. v. Goetz*, 531 F.3d 448, 459-60 (6th Cir. 2008), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016), (given the privacy and confidentiality concerns, "'[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'") (alteration in original) (quoting *Balboa Threadworks, Inc. v. Stucky,* No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)); *see also Henson*, 2018 WL 5281629, at *5 (denying motion to compel plaintiffs to produce their cell phone for forensic imaging where, even if some information on the cell phones might be relevant, the overbroad request would sweep in "documents and information that are not relevant to the issues in [the] case").

Leaving aside the Moore text messages, the deposition testimony cited by Defendant does not establish that Plaintiff "communicated at length, with a minimum of five (5) former and current UPS employees, via text message, regarding issues directly related to this action" (Dkt. No. 65 at 2) and failed to retain and produce relevant information. Defendant has failed to establish that the circumstances warrant a

compelled wholesale imaging of the entire contents of Plaintiff's cell phone because, absent a more specific showing, Defendant has not met its burden of demonstrating the relevance of the contents of the forensic image it seeks. *See Ramos*, 2018 WL 1383188, at *2 (denying the defendant's motion to compel forensic imaging where the existence of text messages was undisputed but the relevance of the content of the messages was not sufficiently established); *contrast Antioch Co.*, 210 F.R.D. at 651-52 (granting the plaintiff's motion to compel forensic imaging where there was a strong showing that the data in question could be relevant to the movant's claim).

B. Proportionality

"[M]odern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, 573 U.S. 373, 403 (2014) (quoting *Boyd v. United States*, 116 U.S. 616, 625 (1886)). *See Bakhit v. Safety Mktg., Inc.,* Civ. No. 3:13CV1049 (JCH), 2014 WL 2916490, at *3 (D. Conn. June 26, 2014) (applying *Riley's* principles to a civil discovery request). "The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns." *John Crane Grp. Corp.*, 2015 WL 11089486, at *3. *See also Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 WL 413242, at *3 (S.D. Ind. Jan. 31, 2017) (citing *Hespe v. City of Chi.*, No. 13 C 7998, 2016 WL 7240754, at *3 (N.D. Ill. Dec. 15, 2016)); *Areizaga v. ADW Corp.*, No. 3:14-cv-2899-B; 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016); *see* also Fed. R. Civ. P. 34, advisory committee's note to 2006 amendment. Generally, a court will deny a motion to compel forensic imaging of personal electronic devices if the party

7

seeking the image fails to show that it will likely produce the material it seeks, if an alternative, less invasive means of obtaining the evidence exists, or if the motion is not accompanied by a proposal for a protocol appropriately tailored to protect the privacy concerns of the opposing party. *See John B.*, 531 F.3d at 460-61 (holding that the trial court abused its discretion by granting a motion to compel forensic imaging when less intrusive means of obtaining the desired evidence were available); *contrast Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 447 (D. Conn. 2010) (granting the plaintiff's request to compel forensic imaging after it had "exhaustively established that forensic imaging by a neutral expert is the only way that the Plaintiff will be able to secure the electronic data to which is it entitled").

Aside from the Moore text messages, Defendant has not established that Plaintiff has deleted or lost relevant information from his cellphone (Dkt. No. 65-2). As to the Moore text messages, Defendant has failed to demonstrate that they can be recovered by an imaging of his cell phone and has failed to show that the messages are unavailable from Moore himself. Rather than demonstrating by expert affidavit or otherwise that the Moore text messages, which, according to Plaintiff, were exchanged a long time ago, could still be recovered, Defendant makes the broad assertions that electronic information is discoverable (Dkt. No. 65 at 2, 5). That is beside the point. Courts have required that a movant make at least some effort, for example, by way of expert testimony or an affidavit, to show that this intrusive means of discovery is likely to yield the results sought. *See Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146-47 (D. Mass. 2005) (denying the plaintiff's motion to compel forensic imaging of the defendant's

computer where there was no showing that the sought-after evidence existed or had been withheld); *Antioch Co.,* 210 F.R.D. at 651-62.

Further, Defendant has failed to show that a far less intrusive option would not yield the information it seeks. *See Tingle v. Herbert*, Civil Action No. 15-626-JWD-EWD, 2018 WL 1726667, at *7 (M.D. La. Apr. 10, 2018) (before the defendants could obtain access to the plaintiff's cell phone, the defendants were required to demonstrate that they attempted to obtain the information by less intrusive means). As to the Moore messages, Defendant has not indicated in its submission that it attempted to get copies of the text messages from Moore, who is employed by Defendant.[3] As to relevant text message exchanges with other employees, which so far as appears from Plaintiff's deposition testimony, remain on Plaintiff's cell phone, Defendant has apparently not sought straightforward production as a less intrusive alternative to a complete forensic image of the cell phone.[4]

In addition, Defendant has not proposed a protocol that would limit its access to private or privileged contents of Plaintiff's cell phone. *See In re: Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) (reversing the district court's order granting the plaintiff

---

[3] At argument, Defendant's counsel represented that it had recovered from Moore's cell phone the Moore side of Moore's text message exchange with Plaintiff but not Plaintiff's side of that exchange, a representation that, as Plaintiff's counsel contended, appears implausible in view of how text messages generally are stored and displayed. Further, defense counsel did not represent that Defendant had subjected Moore's cell phone to a forensic examination in an effort to obtain a complete record of the exchange.

[4] Further demonstrating Defendant's startling lack of concern for Plaintiff's compelling privacy concerns, Plaintiff's counsel informed the court that Defendant showed up at Plaintiff's deposition with a forensic examiner prepared to image Plaintiff's cell phone then and there without any order from the court authorizing it to do so.

9

access to the defendant's electronic databases; noting that establishing a protocol, including designating search terms, is necessary to restrict a search of a party's electronically stored information); *Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, Civil Action No. 17-cv-00803-CMA-NYW, 2017 WL 4278494, at *7 (D. Colo. Sept. 27, 2017) (denying request for the forensic image of a personal cell phone where the party requesting the image failed to identify protocols that would limit the scope of the search); *contrast Antioch Co.*, 210 F.R.D. at 651, 653 (allowing imaging where a protocol to protect private and privileged material was proposed by the movant).

In support its position, Defendant relies on *In re Honza*, 242 S.W.3d 578 (Tex. App. 2008). The court in *Honza* allowed the forensic imaging of the defendant's computer hard drive by a neutral contractor in order to recover metadata related to two documents that addressed the real estate assignment which was the subject of the litigation. *See id.* at 579. Because the two documents had already been produced in discovery, the existence of the metadata was not in question. *See id.* Further, the party requesting the documents proposed a protocol appropriately tailored to protect the other party's privacy interests while targeting only the information that was relevant to the claim. *Id*. at 583. *Honza* is easily distinguishable from the present situation. Here, unlike *Honza,* Defendant has failed to establish that the Moore text messages are likely to be recovered by a forensic imaging of Plaintiff's cell phone nor has it shown that forensic imaging of Plaintiff's phone is the only means to retrieve text messages he exchanged with Moore. In addition, Defendant has failed to propose a means of restricting access to the phone's contents in a manner that would protect Plaintiff's private and privileged

information. To the contrary, Defendant's proposal to use the forensic image to see if Plaintiff has withheld images that Defendant speculates may exist suggests that Defendant seeks broad and unfettered access to the contents of Plaintiff's cell phone (Dkt No. 65 at 1).

    C.    <u>Spoliation of Evidence</u>

Finally, Defendant has not shown that forensic imaging of Plaintiff's cell phone is a proper sanction for Plaintiff's alleged spoliation of the Moore text messages (Dkt. No. 65 at 5). Spoliation of evidence is the "intentional, negligent, or malicious destruction of relevant evidence." *Townsend v. American Insulated Panel Co.*, 174 F.R.D. 1, 4 (D. Mass. 1997). Because the text messages are electronically stored information ("ESI"), Fed. R. Civ. P. 37(e) applies. Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>     **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
>     **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>         **(A)** presume that the lost information was unfavorable to the party;
>         **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
>         **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). *See Paisley Park Enters., Inc. v. Boxill,* 330 F.R.D. 226, 232-33 (D. Minn. 2019) (applying Fed. R. Civ. P. 37 to text messages); *Schmalz v. Vill. of N. Riverside,* No. 13 C 8012, 2018 WL 1704109, at *3 (N.D. Ill. Mar. 23, 2018) (same).

First, Defendant has not met its burden of demonstrating spoliation of the Moore text messages. Defendant did not ask Plaintiff how, when, or why he lost the Moore text messages. In these circumstances, Defendant has not laid a proper foundation for the contention that Plaintiff failed to take reasonable steps to preserve relevant evidence at a time when he reasonably anticipated or was conducting litigation against Defendant.

Assuming that Plaintiff exchanged text messages with Moore in 2017, when according to Defendant, Plaintiff was suspended without pay for a safety violation, Defendant has not shown that Moore has failed to retain these messages.[5] Therefore, Defendant has not established a basis for Rule 37 sanctions. *See* Fed. R. Civ. P. 37(e) (allowing sanctions when ESI has not been reasonably preserved and it cannot be recovered or replaced through additional discovery). Moreover, there is no evidence that Plaintiff acted with the intent to destroy evidence that would be relevant to this case. *See Hefter Impact Tech., LLC v. Sport Maska, Inc.*, Civil Action No. 15-13290-FDS, 2017 WL 3317413, at *7 (D. Mass. Aug. 3, 2017); c*ontrast Nation-Wide Check Corp. v. Forest Hills Distribs., Inc.*, 692 F.2d 214, 219 (1st Cir. 1982). Because Plaintiff was not asked why he did not have the Moore text messages, there is nothing in Plaintiff's deposition testimony to suggest that he deliberately deleted the text messages.

---

[5] Indeed, if Moore, Plaintiff's supervisor, did not retain copies of text messages with Plaintiff related to a disciplinary matter, Defendant is at least as much at fault as Plaintiff in regard to the potential loss of relevant evidence.

Because Defendant has failed to establish Plaintiff's spoliation of the Moore text messages, there is no basis for ordering a forensic image of Plaintiff's cell phone as a sanction. *See, e.g., Tingle*, 2018 WL 1726667, at *6.

IV. CONCLUSION

For the above-stated reasons, Defendant's motion to compel forensic imaging of plaintiff's cell phone (Dkt. No. 65) is DENIED.

It is so ordered.

Dated: July 22, 2019 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE